IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-00639-RJC
(3:11-cr-00003-RJC-5)

| | | |
|---|---|---|
| VICTOR DANIEL PINEDA-COTO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence which he filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 Motion will be dismissed.

I.  BACKGROUND

Petitioner and eighteen others were indicted in this District on two counts related to a long-running conspiracy to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count One); and at least 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) (Count Two). Petitioner was also charged with conspiracy to commit money laundering by trying to conceal the proceeds of the illegal drug conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Three). (Criminal Case No. 3:11-cr-00003, Doc. No. 188: Second Superseding Indictment).

Petitioner entered into a written plea agreement with the Government in which he agreed to plead guilty to Count One in exchange for the Government's agreement to dismiss the remaining two counts if his guilty plea was accepted. The plea agreement explained that upon

1

conviction of the drug conspiracy charged in Count One, Petitioner faced a statutory term of no less than 10-years' imprisonment and no more than life. Petitioner agreed that it was known or reasonably foreseeable to him that the amount of cocaine involved in the conspiracy was more than 2 kilograms but less 3.5 kilograms. The agreement further provided that if Petitioner met all of the requirements for a safety valve reduction, the Government would not oppose such a decrease below the mandatory minimum term of 10-years' imprisonment. (Id., Doc. No. 243: Plea Agreement).[1]

Petitioner appeared for his Plea and Rule 11 hearing before the magistrate judge and he was placed under oath. The Government explained the elements of Count One and the minimum and maximum penalties Petitioner faced upon conviction and Petitioner averred that he

---

[1] A defendant may qualify for a sentence below the statutory, mandatory minimum sentence if he can satisfy each of the following conditions:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f). See also USSG § 5C1.2.

understood that he faced no less than 10 years in prison and not more than life. Petitioner affirmed that he had discussed how the U.S. Sentencing Guidelines might apply to his case with his attorney and he expressed that he understood that the court had not yet determined the applicable Guidelines range. Petitioner also averred that no one had promised him any particular sentence, and that the only promises made in connection with his guilty plea were contained within the plea agreement and Petitioner confirmed that he understood and agreed with the terms of his plea agreement. Finally, Petitioner admitted that he was in fact guilty of the conduct charged in Count One. The court's questions, along with Petitioner's answers were reduced to writing and reviewed by Petitioner and he agreed that his answers were true and Petitioner's plea was accepted after the court found that it was knowing and voluntary. (Id., Doc. No. 257: Acceptance and Entry of Guilty Plea; Doc. No. 520: Tr. of Rule 11 Hearing).

The U.S. Probation Office prepared a presentence report ("PSR") and calculated a base offense of level of 28 under § 2D1.1 of the U.S. Sentencing Guidelines Manual ("USSG") (2011) based on a drug amount of more than 2 kilograms but less than 3.5 kilograms of cocaine. The probation officer also noted that during her interview with Petitioner he advised that he was not guilty of the drug conspiracy. Petitioner explained that he only pled guilty on the advice his attorney and that he had no idea that any of his friends were involved in the drug conspiracy. (Id., Doc. No. 446: PSR ¶ 21). Based on Petitioner's late protestation of innocence, the probation officer concluded that Petitioner no longer qualified for a three-point reduction for acceptance of responsibility which left Petitioner with a total offense level of 28, and with a criminal history category I, Petitioner's Guidelines range was 78 to 97-months' imprisonment. However, because of the statutory, mandatory minimum term Petitioner's Guidelines range became 120-months

pursuant to USSG § 5G1.1(b). (Id. ¶¶ 52-53).

During Petitioner's sentencing hearing, Petitioner's counsel acknowledged that Petitioner had expressed his innocence to the probation officer during his presentence interview, and that the Government believed that he would therefore not qualify for a safety valve reduction. (Id., Doc. No. 521: Tr. of Sentencing Hearing at 2-3). Counsel also informed the Court that Petitioner would not admit to all of the offense conduct as set forth in the presentence report, but he would agree that he was responsible for between 2 and 3.5 kilograms of cocaine in the conspiracy if that would enable him to qualify for the safety valve reduction. (Id. at 6-7).

The Court found that Petitioner had not truthfully provided all of the information that he had to the Government and that he had not accepted responsibility for his role in the conspiracy. Accordingly, the Court held that Petitioner was not entitled to the benefit of the safety valve reduction or to a three-level reduction for acceptance of responsibility. The Court found that the probation officer's calculation of the Guidelines range of 78 to 97 months in prison was accurate and that the statutory, mandatory minimum term of 120-months trumped the Guidelines range. (Id. at 12-14).

Petitioner was sentenced to the mandatory minimum term of 120-months' imprisonment and he filed a pro se notice of appeal to the United States Court of Appeals for the Fourth Circuit. (Id., Doc. No. 468: Judgment). On appeal, Petitioner's counsel filed an Anders brief contending that there were no meritorious issues for appeal based on the waiver of Petitioner's right to appeal as set forth in his plea agreement.[2] Petitioner declined to file a pro se supplemental brief although he was advised of his right to do so. In a per curiam opinion, the

---

[2] Anders v. California, 386 U.S. 738 (1967).

4

Court affirmed Petitioners' judgment after conducting its Anders review of the record. See United States v. Pineda-Coto, 545 F. App'x 262 (4th Cir. 2013) (unpublished).

In this collateral proceeding, Petitioner raises several claims of ineffective assistance of counsel. Petitioner's contentions will be examined below.

II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the effective assistance of counsel to assist in his defense. U.S. Const. amend. VI. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . ." Id. at 689. A petitioner seeking post-conviction relief based on ineffective assistance of bears a "heavy burden in overcoming this presumption." Carpenter v.

United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

To demonstrate prejudice in the context of a guilty plea, a Petitioner must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

 A. Ground One

Petitioner first contends that his trial counsel promised him a sentence of 63 to 78-months' imprisonment if he pleaded guilty.[3] (3:13-cv-00639, Doc. No. 1: Petition at 4). This argument is plainly belied by Petitioner's sworn statements during his Plea and Rule 11 hearing where he was under oath and swore that no one had promised him any leniency or a lesser

---

[3] In his § 2255 motion, Petitioner asked for leave to file a memorandum in support of his grounds for relief and the Court granted such leave, however Petitioner never submitted a memorandum despite more than sufficient time in which to do so. (Id., Doc. 1: Petition at 5 ¶ 13; Doc. No. 3: Order).

6

sentence in exchange for his guilty plea and he averred that he understood that he faced a mandatory minimum term of 10-years' imprisonment upon conviction on Count One. (3:11-cr-00003, Doc. 257: Acceptance and Entry of Guilty Plea at 3 ¶ 30; Doc. No. 520: Tr. of Plea and Rule 11 Hearing at 10).

A petitioner is bound by his sworn statements which he makes during a properly conducted Rule 11 hearing and as this Court found during sentencing, and reaffirms herein, Petitioner's Rule 11 hearing was properly conducted therefore his late, self-serving claims of the promise of a lighter sentence must fail. See, e.g., Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."); United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005).

For the foregoing reasons, this claim will be denied.

B.    Ground Two

Petitioner next argues that he informed his attorney that he did not want to plead guilty unless there was a written plea agreement. (Id.). This argument is without merit. First, there was a written plea agreement and Petitioner signed the agreement and stated under oath during his Rule 11 hearing that he understood and agreed with each of the terms of the agreement.

Petitioner appears to express remorse that he did not qualify for the safety valve reduction but there is no one to blame for that fact but Petitioner himself. The plea agreement expressly stated that the Government would not oppose the safety valve reduction if Petitioner so qualified. However, following his solemn guilty plea, Petitioner expressed buyer's remorse when he

7

disclaimed the fact of his guilt during his presentence interview with the probation officer. And Petitioner persisted in trying to deny his guilt during the sentencing hearing by disavowing the accuracy of the offense conduct that was included in the presentence report. Because of Petitioner's change in tack, the Court found that he had not clearly accepted responsibility and the record made clear that he had not provided the Government with all of the truthful information that he had regarding his role in the conspiracy. Consequently, Petitioner was not awarded the three-level reduction for acceptance of responsibility, and more to the point, he personally eliminated any chance that he had to qualify for the safety valve reduction.

C. Ground Three

Here, Petitioner argues that his counsel should have filed a motion to suppress and he blankly claims, with no further elaboration, that if his counsel had "filed a viable motion to suppress the evidence, I would have [not] entered into the plea agreement." (Id.). Petitioner's claim will be denied for three reasons. First, Petitioner signed his plea agreement in which he admitted that he was in fact guilty of the conduct charged in Count One, and secondly, Petitioner admitted under oath that he was in fact guilty of the conspiracy charge during his Rule 11 hearing after the elements of Count One were explained to him. As the Supreme Court has explained:

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilty and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.

United States v. Broce, 488 U.S. 563, 569 (1989); see also Tollett v. Henderson, 411

U.S. 258, 267 (1973).

Finally, as the Court has previously found, Petitioner is bound by the sworn statements that he freely provided during his Rule 11 hearing wherein he admitted that he was in fact guilty of the charged conduct. Moreover, in order to establish ineffective assistance in connection with a motion to suppress, a petitioner must establish that the motion would have been successful. See United States v. Madewell, 917 F.2d 301, 304 (7th Cir. 1990) (holding no ineffective assistance of counsel because any motion to suppress was unlikely to prevail). In Petitioner's case, he fails to identify any "evidence" that he believed should have been suppressed thus this conclusory allegation of ineffective assistance will be denied.

D.   Ground Four

In his final claim, Petitioner argues that his appellate counsel was ineffective in failing to argue that his "sentence was unreasonable based on the low evidence and the low amount of drugs attributed to" him. (3:13-cv-00639, Petition at 5).

The test for ineffective assistance of appellate counsel is largely the same as it is for trial counsel. "In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate (1) that his counsel's representation fell below an objective standard of reasonableness in light of the prevailing professional norms, and (2) that there is a reasonably probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc) (internal quotations and citations omitted). Appellate counsel "is entitled to a presumption that he decided which issues were most likely to afford

9

relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993); see also Smith v. Robbins, 528 U.S. 259, 288 (2000) (appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal.") (parentheses in original) (citing Jones v. Barnes, 463 U.S. 745 (1983)).

Petitioner's claim fails because he admitted that he was in fact guilty of participating in the drug conspiracy and further, that he was responsible for conspiring to possess with intent to distribute between 2 and 3.5 kilograms of cocaine. Based on Petitioner's sworn admissions, his appellate counsel may well have determined that presenting such a challenge to his sentence would have been frivolous.

For these reasons, this claim will be denied.

IV. CONCLUSION

Based on the foregoing, the Court finds that Petitioner's § 2255 Motion is without merit and it will be dismissed.

**IT IS, THEREFORE, ORDERED** Petitioner's § 2255 Motion to Vacate is **DENIED** and **DISMISSED with prejudice**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Petitioner's Motion to Appoint Counsel is **DENIED**. (Doc. No. 2).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: November 30, 2015

Robert J. Conrad, Jr.
United States District Judge